UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-711-H

ROBERT MARANGO                                                                                  PLAINTIFF

V.

DEPARTMENT OF FISH AND WILDLIFE RESOURCES, et al.                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff has moved for leave to file an amended complaint. As a consequence of the amendment, he says that this Court no longer retains the basis for jurisdiction and should remand the case to Meade Circuit Court. The Court has already summarized the material aspects of the allegation in its earlier Memorandum and Order. The Court concludes that leave to file the amended complaint is appropriate. Indeed, Defendants do not object. Nevertheless, Defendants do maintain that a substantial issue of federal law requires the Court to retain jurisdiction. The Court has discussed the pending issues with counsel and appreciates their help.

With the filing of the amended complaint, Plaintiff now maintains three distinct claims: (1) unpaid wages and overtime under state law; (2) a retaliation claim under state common law; and (3) a state law workers compensation retaliation claim under KRS 342.197.[1] As a general rule, the determination of federal diversity jurisdiction is made at the time the complaint is filed. A plaintiff may not subsequently amend his complaint and avoid federal jurisdiction. Federal

---

[1] It would appear unlikely that the latter two claims can be successfully maintained because Plaintiff may not have alleged a sufficiently adverse employment action.

question jurisdiction is a somewhat different matter.  Remand to state court is within the discretion of the Court whenever the basis for a federal question no longer exists.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).  Here, Plaintiff has removed reference to a federal statute in the amended complaint.  He now asserts a claim for violation of a state public policy.  *See Grzyb v. Evans*, Ky., 700 S.W.2d 399 (1985).  Whether this presents a viable claim the Court cannot venture at this time.  However, it is not a federal claim.

The Court is presented with three facially state law claims.  No substantial question of federal law or policy is implicated.  The litigation has yet to reach its substantive stages.  The Court sees no reason of judicial convenience or comity that would favor the retention.  The Court, therefore, finds it best to exercise its discretion to remand to Meade Circuit Court.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and the complaint is remanded to Meade Circuit Court.

cc:     Counsel of Record